IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson,  )<br>                      )<br>     Plaintiff,     )<br>                      )<br>     v.               )<br>                      )<br>Wright & Hansen, Inc.,)<br>Individually and d/b/a Rojo's )<br>Tavern; Joyce Silva Pederson, )<br>Individually and d/b/a Lakeside )<br>Napa Auto Parts; Robert C. )<br>Pederson, Individually and )<br>d/b/a Lakeside Napa Auto Parts; )<br>Steve K. Madsen, Individually )<br>and d/b/a Steve's Deli; Artin, )<br>Inc., Individually and d/b/a )<br>Neik Market; Manuel Zepeda, )<br>                      )<br>     Defendants.    )<br>_____ ) | 2:10-cv-01956-GEB-KJN<br><br>ORDER RE: SETTLEMENT AND DISPOSITION |

        Plaintiff filed a "Notice of Settlement" on November 26, 2010, in which he states, "the parties have settled this action [,and] [d]ispositional documents will be filed within (30) calendar days." (ECF No. 10.)

        Therefore, a dispositional document shall be filed no later than December 27, 2010. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

1

1    The Status Conference scheduled for December 13, 2010, is
2 continued to commence at 9:00 a.m. on February 14, 2011, in the event no
3 dispositional document is filed, or if this action is not otherwise
4 dismissed.[1]  Further, a joint status report shall be filed fourteen (14)
5 days prior to the status conference.
6    IT IS SO ORDERED.
7 Dated:  November 30, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1]  The status conference will remain on calendar, because the mere representation that a case has been settled does not justify discontinuance of calendering a scheduling proceeding.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).